UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN RE APPLICATION OF THE ) <br> UNITED STATES OF AMERICA FOR ) <br> AN ORDER PURSUANT TO ) <br> 18 U.S.C. § 2703(d) ) <br> ) | Misc. no. 1:19-mj- <br><br> **Filed Under Seal** |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

John S. Davis, AUSA affirms as follows:

1. I am an Assistant United States Attorney in the District of New Hampshire and, as such, I am familiar with this matter.

2. The Government is seeking an Order pursuant to Title 18, United States Code, Section 2703(d) to require Microsoft Online Services, Hotmail (the "Provider"), to provide the to/from headers and other non-content information for e-mails stored in the e-mail account "faridassy@hotmail.com" maintained by the Provider (the "Target E-mail Account") and non-content information for files stored in any Microsoft One account associated with the Target Account (the "Target Microsoft One Account"), for the dates of January 1, 2015 through August 31, 2019. The records requested from the Provider are set forth below and in the accompanying proposed Order.

3. 18 U.S.C. § 2703(c) provides authority for a court to order an electronic communications service provider to disclose records or information not including the contents of communications without notice to the subscriber or customer, if the records are relevant and material to an ongoing criminal investigation.

4. Specifically, 18 U.S.C. § 2703(c)(1) provides in pertinent part:

2

A government entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or a customer of such service (not including the contents of communications) . . . when the governmental entity obtains a court order for such disclosure under subsection (d) of this section;

. . . .

5. 18 U.S.C. § 2703(d), in turn, provides (in pertinent part):

A court order for disclosure under subsection . . . (c) may be issued by any court that is a court of competent jurisdiction and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the . . . records or other information sought, are relevant and material to an ongoing criminal investigation.

6. Finally, 18 U.S.C. § 2703(c)(3) provides:

A governmental entity receiving records or information under [18 U.S.C. § 2703(c)] is not required to provide notice to a subscriber or customer.

7. As set forth below, there are specific and articulable facts showing that there are reasonable grounds to believe that the records sought herein are relevant and material to an ongoing investigation of Smuggling Goods into Foreign Countries in violation of Title 18, United States Code, Section 554, among other statutes.

BACKGROUND

8. The Federal Bureau of Investigation ("FBI") is conducting a full-field investigation regarding the actions of George Mazraani ("George") and Tania Mazraani ("Tania). George and Tania operate an electronics shipping business out of Salem, NH known as DOT Square LLC. George and Tania receive orders for various electronics hardware/software, to include laptops, cellular telephones, printers, network server components, and security licenses/devices, from overseas based customers and export those items to foreign countries to include Lebanon.

9.  Various items exported by DOT Square LLC, to include network security devices, require licenses issued by various departments of the United States Government. The licenses are obtained separately and in conjunction with other export approvals. To date, no known licenses have been approved or applied for by George or Tania.

10. DOT Square LLC acquired, from the company Corporate Armor, located in North Carolina, multiple network security devices. Corporate Armor believed that the final destination of the security devices were within United States. George and Tania, working with an individual known as Farid Assi ("Assi"), exported the security devices to Lebanon on behalf of the company Smartech, a Lebanese based electronics distributor, during the period of investigation. Assi is an operating employee of Smartech and is located in Lebanon.  Licenses for the export of the security devices were not applied for, nor obtained by George and Tania.

11. Assi's email address, [faridassy@hotmail.com](mailto:faridassy@hotmail.com), were listed on invoices from Corporate Armor to Tania for security devices that appeared, due to the lack of licensing, to be smuggled out of the United States to Lebanon.

12. Based on the above, it is reasonable to believe that the requested records of non-content information for the Target E-mail Account and Target Microsoft One Account are relevant to the FBI's investigation as such records contained in Assi's personal email account may provide evidence of items being smuggled out of the United States during the relevant periods.  Such records may also provide evidence of communications between Assi and others which may assist in the identification of any co-conspirators also involved in the event.

## REQUEST

13. Based on the foregoing, the Government requests that the Court enter the proposed Order submitted herewith.

4

14. The Government further requests, pursuant to 18 U.S.C. § 2705(b), that this Application and the proposed Order be sealed by the Court until such time as the Court directs otherwise, and that the Provider be ordered not to notify any person (including the subscriber associated with the Target Acccount) of the existence of the Order for a period of 180 days from the date of the Order, subject to extension if necessary.  Disclosure of the Order at this time to the users of the accounts or to the public at large would seriously jeopardize the Government's ongoing investigation, by leading the user of the account or co-conspirators to take steps to evade law enforcement or to destroy evidence.

15. No prior request for the relief sought herein has been made.

16. I declare under penalty of perjury that the foregoing factual assertions are true and correct to the best of my knowledge and belief.

Dated: Concord, New Hampshire
September 9, 2019

/s/ John S. Davis
John S. Davis
Assistant United States Attorney

## ATTACHMENT A

You are to provide the following non-content information in electronic format to Special Agent Corey M. Howe of the Federal Bureau of Investigation:

- any header information reflecting the names, usernames, or IP addresses of any sender(s) or recipient(s) of communications;
- time/date stamps;
- times and dates of access to the account and IP addresses used for such access
- records of files created in any associated Microsoft One account to include date/time of creation/upload/storage of the file and IP address used for such file creation

For the following Hotmail account(s):

faridassy@hotmail.com

For the time period:

January 1, 2015 through August 31, 2019

9.9.2019